J-S10021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFRED DILL, | |
| Appellant | No. 3549 EDA 2014 |

Appeal from the PCRA Order Entered November 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1105921-1982

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 25, 2016**

Appellant, Alfred Dill, appeals *pro se* from the post-conviction court's November 17, 2014 order dismissing, as untimely, his fourth petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 16, 1983, Appellant was convicted by a jury of second-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime (PIC).  Prior to sentencing, the court granted Appellant's motion for an arrest of judgment pertaining to his conviction for PIC.  Appellant was then sentenced to an aggregate term of life imprisonment.  He filed a timely direct appeal, and this Court affirmed his judgment of sentence on April 10,

_____

[*] Retired Senior Judge assigned to the Superior Court.

1987. *Commonwealth v. Dill*, No. 00102 Philadelphia 1985, unpublished memorandum (Pa. Super. filed April 10, 1987).

Over the next 25 years, Appellant filed three PCRA petitions, all of which were denied. On March 1, 2013, he filed his fourth *pro se* petition, which underlies the instant appeal. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on the basis that it was untimely filed, and Appellant filed a *pro se* response. However, on November 17, 2014, the PCRA court issued an order dismissing his untimely petition. Appellant filed a timely, *pro se* notice of appeal. While the court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the court filed a Rule 1925(a) opinion on January 20, 2015. Herein, Appellant raises one issue for our review: "Are there any issues of merit present in the instant appeal or are any non-frivolous issues available to [A]ppellant pursuant to the facts and events presented in the record?" Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction

relief, including a second or subsequent one, must be filed within one year of the date on which the judgment of sentence becomes final, unless one of the following exceptions applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 10, 1987, at the expiration of the thirty-day time-period for seeking review with the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing,

- 3 -

"a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Thus, Appellant's present petition, filed over 25 years after his judgment of sentence became final, is patently untimely, and he must meet one of the exceptions set forth in 42 Pa.C.S. § 9545(b) to invoke our jurisdiction to review the merits of his claim.

Appellant does not explicitly identify which of the timeliness exceptions he is attempting to satisfy, but it appears from his argument that section 9545(b)(1)(ii) is the only one possibly applicable. Appellant essentially maintains that he discovered new evidence in the form of an affidavit, which he attached to his *pro se* PCRA petition, from his co-conspirator, "Bobbie Lee Sims Jr." **See** Appellant's *Pro Se* PCRA Petition, 3/1/13 (Exhibit 4). In that affidavit, Sims alleged that he committed the crimes with a person named Barry Hilton, not with Appellant. **See id.** Appellant claims that Sims' affidavit 'clears' Appellant of any culpability in the crimes for which he was convicted, and warrants a new trial.

Our review of Sims' affidavit and the record reveals that Appellant did not file the instant petition within 60 days of discovering this 'new evidence.' Specifically, Sims' affidavit was signed before a notary on May 12, *2005*. The certified record confirms that Appellant received this affidavit shortly after it was drafted, as he attached it to a *pro se* PCRA petition filed on July 11, 2005. It appears that counsel was appointed and filed an amended PCRA petition on May 2, 2007, asserting that Appellant should be afforded a

- 4 -

new trial in light of Sims' affidavit. However, the PCRA court dismissed Appellant's petition without a hearing, and without any explanation of its reason(s) for doing so. Appellant did not file an appeal.

Instead, Appellant filed another *pro se* PCRA petition on July 18, 2008, again asserting that Sims' affidavit warrants a new trial. On October 21, 2009, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing, simply stating (in boilerplate fashion), that the petition was untimely and did not satisfy any exception set forth in section 9545(b)(1). Appellant filed a timely, *pro se* response, but on November 30, 2009, the court issued an order dismissing Appellant's petition. Again, Appellant did not file an appeal.

On March 1, 2013, Appellant filed the present *pro se* PCRA petition reiterating the same claim based on Sims' affidavit. Unfortunately for Appellant, because the instant petition was obviously filed well outside the 60 day time-limit set forth in section 9545(b)(2), we do not have jurisdiction to review the merits of his claim that Sims' affidavit entitles him to a new trial. Our lack of jurisdiction also precludes us from assessing whether the PCRA court erred by denying, without a hearing or any explanation, Appellant's first attempt to raise this claim in his July 11, 2005 petition. Accordingly, we are constrained to conclude that the PCRA court properly dismissed Appellant's untimely petition.

Order affirmed.

Judge Platt joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2016