J-S10019-16
J-S10020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HASSAN MAYHEW, | |
| Appellant | No. 1864 EDA 2015 |

Appeal from the PCRA Order Entered May 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0609791-1995

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HASSAN MAYHEW, | |
| Appellant | No. 2408 EDA 2015 |

Appeal from the PCRA Order Entered June 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700711-1995

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 16, 2016**

Appellant, Hassan Mayhew, appeals *pro se* from two separate orders,

each of which denied, as untimely, identical petitions Appellant filed under

---

[*] Retired Senior Judge assigned to the Superior Court.

the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] After careful review, we affirm the order in case 711-1995 (2408 EDA 2015). In case 791-1995 (1864 EDA 2015), we reverse the order, vacate Appellant's judgment of sentence, and remand for resentencing.

On April 9, 1995, Appellant – who was 15 years old at the time – participated in a series of robberies with his adult co-defendant, Eddie Dickens. The robberies culminated in the murder of George Harris, who was shot by Appellant as he fled from a store being robbed by Appellant and Dickens.

Appellant was tried before a jury and ultimately convicted, in case 791-1995, of second-degree murder, robbery, possessing an instrument of crime (PIC), and criminal conspiracy. On July 2, 1996, Appellant was sentenced to a mandatory term of life without the possibility of parole (hereinafter, "LWOP") for his murder conviction. No further penalty was imposed for his remaining offenses.

In case 711-1995, the jury convicted Appellant of multiple counts of robbery, PIC, criminal conspiracy, and carjacking. At the sentencing hearing

---

[1] Appellant was charged under two separate bills of information, docketed by the trial court at CP-51-CR-0609791-1995 (hereinafter "791-1995") and CP-51-CR-0700711-1995 (hereinafter "711-1995"). The cases were ultimately consolidated for trial. Appellant has filed notices of appeal in both cases, as well as two separate briefs raising different issues. However, because Appellant's claims are interrelated, we consolidate his two appeals.

on July 2, 1996, the court imposed an aggregate term of ten to twenty years' incarceration, to be served consecutively to his LWOP sentence in case 791-1995.

Appellant filed a timely direct appeal, but this Court dismissed it after he failed to file a brief. In August of 1997, Appellant filed a timely PCRA petition seeking the restoration of his appeal rights *nunc pro tunc*. The court did not appoint PCRA counsel, as Appellant requested. On August 15, 1997, the court granted Appellant's petition and reinstated his direct appeal rights. However, no direct appeal was filed by Appellant.

In February of 2001, Appellant filed a second, untimely PCRA petition, again seeking the restoration of his direct appeal rights. The PCRA court appointed counsel and granted Appellant's petition, but this Court quashed his subsequent, counseled appeal, concluding that the PCRA court did not have jurisdiction to reinstate Appellant's direct appeal rights. ***See Commonwealth v. Mayhew***, No. 1083 EDA 2001, unpublished memorandum at 4-5 (Pa. Super. filed May 29, 2002).

In April of 2008, Appellant filed a third, *pro se* PCRA petition alleging, *inter alia*, that the 1997 PCRA court erred by failing to appoint him direct appeal counsel after reinstating his appeal rights *nunc pro tunc*. The PCRA court denied Appellant's petition as untimely, and this Court affirmed on

appeal. ***Commonwealth v. Mayhew***, No. 2787 EDA 2003, unpublished memorandum (Pa. Super. filed May 12, 2004).[2]

On June 28, 2010, Appellant filed identical, *pro se* PCRA petitions in each of his two cases, 791-1995 and 711-1995. Those petitions underlie the present appeal. For some unexplained reason, the PCRA court took no action on either petition. Over the next several years, Appellant filed amended petitions and other *pro se* motions in each case, still with no action or rulings by the court. In particular, on July 11, 2012, Appellant filed, in both cases 711-1995 and 791-1995, an "Addendum to PCRA Petition Raising New Claim Under the Authority of ***Miller v. Alabama***."[3] Therein, Appellant

---

[2] After concluding that we did not have jurisdiction to afford Appellant post-conviction relief on his untimely petition, we stated:

> [W]e also note with disapproval that although Appellant's first, timely, PCRA petition in 1997 contained a request for appointment of counsel, the record contains no indication that the request was, as it should have been, granted. Moreover, counsel appointed for Appellant's second, untimely, petition was none other than the same appellate counsel whose failure to file a brief resulted in the necessity for post conviction proceedings to restore Appellant's appeal rights. It should also be noted that although the record contains a letter from that same counsel to Appellant explaining that he had failed to file the appellate brief on Appellant's behalf because of other commitments, there is no indication that an extension of the briefing schedule was ever sought. Although we are without jurisdiction to address what appears to be a truly unfortunate concatenation of events, we would attempt to forestall any repetition.

***Id.*** at 2.

[3] ***Miller v. Alabama***, 132 S.Ct. 2455 (2012).

argued that his mandatory LWOP sentence was illegal under the Supreme Court's holding in **Miller**, which was issued on June 25, 2012.[4]

On June 24, 2014, the PCRA court issued, in case 791-1995, a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, but on May 21, 2015, the PCRA court issued an order and opinion denying, as untimely, the petition filed in 791-1995. Thereafter, on May 26, 2015, the PCRA court issued a Rule 907 notice in case 711-1995, and issued an order dismissing the petition filed in that case on June 30, 2015.

Appellant *pro se* filed two separate, timely notices of appeal in each case. In case 791-1995 (docketed by this Court at 1864 EDA 2015), Appellant presents the following seven issues for our review:

> I. Whether [the PCRA court] committed reversible error in dismissing [Appellant's] 2010 [PCRA] petition where it should have been viewed as a mere extension of Appellant's first timely 1997 [PCRA] petition?
>
> II. Did the [PCRA] court err in not appointing counsel in Appellant's initial 1997 [PCRA] petition?
>
> III. Did the court err in never ruling on Appellant's first timely [PCRA] petition?
>
> IV. Did the trial court abuse it's [*sic*] discretion in the seating of prospective juror George E. Klenk, Jr. as juror No. 10?

---

[4] We discuss **Miller's** holding in detail, *infra*.

- 5 -

V. Did the trial court err in refusing a defense challenge for cause?

VI. Did the trial court err in granting the Commonwealth's motion to consolidate for trial all charges at [cases 791-1995 and 711-1995]?

VII. Does Appellant's mandatory sentence of life without parole violate the Eighth Amendment's prohibition on cruel and unusual punishment?

Appellant's Brief in Case 791-1995 (hereinafter "Appellant's Brief I") at vi (unnecessary capitalization omitted). In case 711-1995 (docketed by this Court at 2408 EDA 2015), Appellant presents two issues for our review:

I. Whether the trial court erred in consolidating all charges [in case 711-1995] with charges [in case 791-1995] for trial?

II. Whether the trial court erred in denying severence [*sic*] from [Appellant's] co-defendant and trying juvenile Appellant in front of [a] "death-qualified" jury for robbery?

Appellant's Brief in Case 711-1995 (hereinafter "Appellant's Brief II") at ii (unnecessary capitalization omitted). We will address Appellant's nine total issues in turn.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction

relief, including a second or subsequent one, must be filed within one year of

the date on which the judgment of sentence becomes final, unless one of the

following exceptions applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of

these exceptions "shall be filed within 60 days of the date the claim could

have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's 2010 petitions were clearly filed years after his

judgment of sentence became final; thus, he must prove the applicability of

one of the exceptions set forth in 42 Pa.C.S. § 9545(b).

In Appellant's Brief I (case 791-1995), he first argues that he does not

need to satisfy a timeliness exception because his 2010 petition constituted

an 'extension' of his timely petition filed in 1997. Appellant reasons that his 1997 petition was never ruled on and, therefore, it was "still pending and active" when he filed his petition in 2010, making the 2010 petition essentially an amendment of the timely filed 1997 petition. Appellant's Brief I at 3. However, the certified record confirms that the PCRA court *did* rule on Appellant's 1997 petition – it granted it and reinstated Appellant's direct appeal rights *nunc pro tunc*. Indeed, Appellant admits this fact when he states that he "received an order from the [PCRA court] dated August 15, 1997[,] granting Appellant his right to direct appeal *nunc pro tunc*." Appellant's Brief I at 14 (unnecessary capitalization omitted). Accordingly, Appellant's contention that his 2010 petition is a mere 'extension' of his 1997 petition is meritless.

Appellant next asserts that he was denied his right to counsel on his first PCRA petition filed in 1997. Relatedly, he argues that the PCRA court presiding over that 1997 petition erred by not appointing him direct appeal counsel after reinstating his appellate rights *nunc pro tunc*. While the record supports Appellant's argument that the PCRA court erred by not appointing him counsel in 1997, we do not have jurisdiction to afford him relief because he has not pled, nor proven, that any timeliness exception applies to this claim. Further, even if we liberally construed Appellant's argument as a claim of governmental interference under section 9545(b)(1)(i), *i.e.*, that the court interfered with his right to appeal by not appointing counsel, the present petition was clearly filed well beyond the 60 day time-requirement of

section 9545(b)(2). Indeed, as discussed *supra*, Appellant raised this same claim in 2008, proving that he knew about the court's failure to appoint counsel in 1997 *years before* filing the present petition in 2010. Consequently, we are without jurisdiction to address whether the 1997 PCRA court erred by failing to appoint PCRA and/or direct appeal counsel.

In the third issue presented in Appellant's Brief I, he asserts that the PCRA court erred by not ruling on his PCRA petition filed in 1997. This claim was addressed in our discussion of Appellant's first issue.

Appellant's next three issues in Appellant's Brief I, and his two issues in Appellant's Brief II, involve claims of trial court error. Specifically, he argues that the court erred by: (1) seating a certain juror, despite a peremptory challenge by Appellant's co-defendant, *see* Appellant's Brief I at 17-18; (2) "refusing a defense challenge for cause" regarding another juror, *id.* at 18-19 (unnecessary capitalization omitted); (3) "granting the Commonwealth's motion to consolidate for trial all charges" Appellant faced in his two separate case, *id.* at 22 (unnecessary capitalization omitted); *see also* Appellant's Brief II at 1-2; and (4) denying Appellant's motion to sever his case from that of his adult co-defendant, *see* Appellant's Brief II at 2-7. None of these claims satisfy an above-stated exception, nor do they meet the 60-day mandate of section 9545(b)(2).

In the final issue raised in Appellant's Brief I, Appellant asserts that his mandatory LWOP sentence is illegal under *Miller*.[5]  With this claim, Appellant seeks to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii).  That subsection requires a petitioner to prove that "there is a 'new' constitutional right and that the right 'has been held' by 'that court' to apply retroactively."  *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).  The *Abdul-Salaam* Court interpreted "the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) [to] mean[] that a retroactivity determination must exist at the time that the petition is filed."  *Id.* at 502.

In *Miller*, the High Court clearly established a new constitutional right by holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."

_____

[5] Appellant filed petitions raising the *Miller* issue in both cases 711-1995 and 791-1995, yet he did not receive a mandatory LWOP sentence in case 711-1995.  Accordingly, our analysis of Appellant's *Miller* issue pertains only to case 791-1995.  We also note that Appellant first raised his *Miller* claim in an amended petition filed on July 11, 2012.  *See* Appellant's "Addendum to PCRA Petition Raising New Claim Under the Authority of *Miller v. Alabama*," 7/11/12.  We acknowledge that the PCRA court did not expressly grant Appellant leave to file that amended petition.  *See* Pa.R.Crim.P. 905(A).  However, the record indicates that court accepted Appellant's July 11, 2012 "Addendum," considered his *Miller* issue as being properly raised and preserved, and determined whether that claim satisfied a timeliness exception.  *See* PCRA Court's "Order and Memorandum," 5/21/15, at 2 (unnumbered) (acknowledging that Appellant "did not waive his *Miller* claim because he raised it within sixty days of the date that *Miller* was decided," yet denying Appellant's petition as untimely after concluding that his "invocation of the constitutional rights created in *Graham* [*v. Florida*, 103 S.Ct. 2011 (2010),] and *Miller* failed to satisfy the PCRA time-bar).

*Miller*, 132 S.Ct. at 2469. During the pendency of this appeal, the United States Supreme Court issued *Montgomery v. Louisiana*, 136 S.Ct. 718, 735-36 (2016), holding that *Miller* applies retroactively.

Shortly after *Montgomery* was decided, this Court filed *Commonwealth v. Secreti*, --- A.3d ---, 2016 PA Super 28 (Pa. Super. filed February 9, 2016), which held that *Montgomery* must be interpreted "as making retroactivity under *Miller* effective as of the date of the *Miller* decision" so as to "satisfy the 'has been held' conditional language enunciated in *Abdul–Salaam, supra*." *Secreti*, 2016 PA Super 28, at *5. The *Secreti* panel further declared that,

> we will use the date of the *Montgomery* decision solely to measure the 60–day rule of Section 9545(b)(2) (requiring petitioner asserting timeliness exception to file petition within 60 days of date claim could have been presented).... In all other respects, *Miller* remains the lodestar for substantive constitutional law on this subject such that the retroactivity determination will be deemed to have existed at the time the pending petitions were filed. Thus, we harmonize the PCRA requirements with *Montgomery, Miller,* and *Abdul–Salaam* and simultaneously achieve the justice this law was designed to promote.

*Id.* (one citation omitted).

In light of *Miller*, *Montgomery*, and *Secreti*, it is clear that the timeliness exception of section 9545(b)(1)(iii) applies to Appellant's case. Thus, we have jurisdiction to vacate Appellant's now illegal, mandatory LWOP sentence imposed in case 791-1995. Accordingly, we reverse the PCRA court's order in case 791-1995, vacate Appellant's judgment of

sentence in that case, and remand for resentencing in accordance with **Montgomery**. The PCRA court order issued in case 711-1995 is affirmed.

Order in 2408 EDA 2015 affirmed. Order in 1864 EDA 2015 reversed. Judgment of sentence in 1864 EDA 2015 (CP-51-CR-0609791-1995) vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016