J-S22014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARYL COOK, | |
| Appellant | No. 1757 EDA 2017 |

Appeal from the PCRA Order Entered May 16, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010093-2008

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 26, 2018**

Appellant, Daryl Cook, appeals *pro se* from the post-conviction court's May 16, 2017 order that denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court presented a detailed summary of the facts of Appellant's underlying convictions for third-degree murder and related offenses, which we need not reproduce for purposes of this appeal.  **See** PCRA Court Opinion (PCO), 6/28/17, at 2-5.  In summarizing the procedural history of Appellant's case, the court stated:

> [Appellant] was charged with Murder, … Possessing an Instrument of Crime, … Burglary, and Criminal Trespass - Entering Structure.  These charges arose out of an incident that occurred

---

[*] Retired Senior Judge assigned to the Superior Court.

on March 13, 2008, during which [Appellant] repeatedly stabbed and killed Robert Daniels.[1]

[Appellant] was tried before this [c]ourt and a jury in July of 2010.[2] At the conclusion of the trial, the jury found [Appellant] guilty of Murder of the Third Degree. On August 26, 2010, this [c]ourt sentenced [Appellant] to 20-40 years.

[1] The [trial c]ourt disposed of the Burglary and Criminal Trespass - Entering Structure charges. The Commonwealth *nolle prossed* the charge of Possessing an Instrument of Crime, generally.

[2] [Appellant] was originally tried before a jury on August 7, 2009, which resulted in a mistrial - hung jury.

Following the … sentencing, [Appellant] filed a notice of appeal and on March 21, 2014, the Superior Court affirmed the judgment of sentence. ([**Commonwealth v. Cook**, 100 A.3d 314 (Pa. Super. 2014) (unpublished memorandum)]). [Appellant] thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which denied the petition on August 26, 2014. ([**Commonwealth v. Cook**, 99 A.3d 75 (Pa. 2014)]).

On March 5, 2015, [Appellant] filed a timely *pro se* petition pursuant to the Post[]Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*….[3] On August 11, 2016, [Appellant] filed a *pro se* Writ of *Habeas Corpus*. Counsel was appointed to represent him and on March 5, 2017, counsel filed a no-merit letter. On March 13, 2017, [Appellant] filed a Motion for Appointment of New Counsel, which this [c]ourt denied on April 11, 2017.

[3] [Appellant]'s petition consists of "stream of consciousness" prose which is disjointed and hard to understand. Although [Appellant] numbered his claims, many of those numbered claim[s] contain more than one issue.

Following this [c]ourt's careful review of the entire record, including the transcripts of [Appellant]'s trial, all of [Appellant]'s filings, counsel's no-merit letter, and the applicable law, this [c]ourt determined that the claims raised by [Appellant] lacked merit and that he was not entitled to an evidentiary hearing. Consequently, on April 11, 2017, this [c]ourt sent [Appellant] a Pa.R.Crim.P. 907 Notice of Intent to Dismiss[,] to which [Appellant] filed a response on April 24, 2017. On May 16, 2017, after again reviewing the entire record and determining that the

issues [Appellant] raised all lacked merit, this [c]ourt issued an order dismissing [Appellant]'s PCRA petition without a hearing and permitting PCRA counsel to withdraw. The [c]ourt also denied [Appellant]'s motion for the appointment of new PCRA counsel. [Appellant] thereafter filed a notice of appeal and a requested Pa.R.A.P. 1925(b) statement.

PCO at 1-2.

Appellant's seven-page Rule 1925(b) statement presented nine issues for our review. However, in his appellate brief, he states only the following, single issue:

I. Did the PCRA court err or abuse its discretion in failing to grant Appellant the relief requested in his *pro se* PCRA petition and discharge him and release him from custody or appoint new counsel to conduct a thorough investigation and file an amended PCRA petition based on the issues raised in the *pro se* PCRA petition and/or based on the issues set forth herein [that] Appellant discovered upon review of the trial transcripts during the remand?

Appellant's Brief at 3.[1]

In the Argument section of Appellant's brief, he divides his single issue into two sub-claims, which we paraphrase as follows: (1) Appellant's PCRA counsel erred by concluding there is no merit to Appellant's claim that he is entitled to a new trial, or a judgment of acquittal, based on the ineffectiveness of his trial counsel, who did nothing when the jury announced, at the end of trial, that Appellant was not guilty of third-degree murder; and (2) Appellant

---

[1] The remand Appellant mentions appears to refer to this Court's August 14, 2017 order granting his *pro se* "Motion for Emergency Order and Stay Pending Disposition Of Hearing." In that order, we remanded Appellant's case to the PCRA court for 60 days, during which time the court was to provide Appellant with copies of any requested transcripts or documents that the court deemed necessary. **See** *Per Curiam* Order, 8/14/17.

is entitled to have the PCRA court's order denying his petition vacated, and his case remanded for the appointment of new counsel, where his initial PCRA counsel and the court erred in concluding that the other issues raised in Appellant's *pro se* petition are meritless. **See** Appellant's Brief at 14, 15-16.

Before addressing Appellant's arguments, we note that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001).

In Appellant's first sub-claim, he alleges that at the end of his trial, the jury announced that he was not guilty of third-degree murder. According to Appellant, the trial court responded by stating, "you can't do that, you must be confused," and the court purportedly told the jury "you need to go back and think some more…." Appellant's Brief at 14. Appellant claims that the jury returned to its deliberations, and ultimately convicted him of the murder offense. Appellant argues that his trial counsel was ineffective for not objecting or requesting a mistrial when this transpired, and he also maintains that his PCRA counsel was ineffective for concluding that this issue has no merit. Additionally, Appellant stresses that, attached to his petition, he included "a sworn affidavit from his sister, Marilyn Cook, stating that she

witnessed the jury foreperson announce that Appellant was found not guilty of all charges," yet "PCRA counsel failed to investigate trial counsel, the prosecutor, Appellant's sister and/or the jurors, and the PCRA court failed to direct PCRA counsel to investigate them regarding the not guilty issue or appoint new counsel to investigate [the] same...." *Id.* at 14-15.

In rejecting this claim, the PCRA court reasoned:

> [Appellant]'s tenth claim asserts that trial counsel failed to object and move for an acquittal or a mistrial because the jury foreman announced a verdict of not guilty on the charge of third-degree murder. [Appellant] presented an affidavit from a relative wherein the relative averred that she heard the foreman announce a verdict of not guilty. Relatedly, [Appellant] contends that the transcript is incorrect as it does not contain everything that was said when the jury allegedly acquitted him of the crime of third-degree murder.
>
> Relief was denied with respect to this claim because the record does not support [Appellant]'s assertion. After jury deliberations commenced, the jurors sent out a request that appeared to request that they be re-instructed, *inter alia*, on malice and voluntary manslaughter. (N.T. 7/13/10, 13-14). In an effort to ascertain exactly what the jury was requesting, this [c]ourt asked the foreperson, "How about third degree?" In response, the foreperson said, "With innocence, yes, not guilty. Not guilty, right." (N.T. 7/13/10, 14). The foregoing clearly demonstrates that the jury had not reached a verdict and that the foreperson, as spokesperson for the jury, was simply clarifying the legal terms upon which it needed further instruction. In fact, following the giving of the requested supplemental instructions, the jury rendered its verdict and each juror stood by the verdict when each of them was polled. (N.T. 7/13/10, 28-30).
>
> With regard to the contention that there is an omission in the record, there is no evidence to support the claim other than [Appellant]'s bald assertion. Had the jury found [Appellant] not guilty[,] it is beyond belief that this [c]ourt, the prosecutor, and defense counsel all would have ignored the pronouncement and not said something. The fact is that the transcript accurately

reflects what occurred in court and any claim that it does not is preposterous. Given the foregoing, it is clear that [Appellant]'s assertion that he was acquitted was erroneous and that trial counsel had no ground upon which to move for an acquittal or a mistrial.

PCO at 15-16.

The record supports the PCRA court's conclusion that the jury did not acquit Appellant of third-degree murder, nor any of the other offenses with which he was charged. Therefore, we discern no error in the court's rejecting Appellant's claim to the contrary.

In Appellant's next issue, he argues, generally, that his PCRA counsel, and the PCRA court, erred by concluding that the other issues presented in his *pro se* petition are meritless. However, Appellant offers no specific discussion of those issues, nor citation to any legal authority that would demonstrate their merit. Notably, the PCRA court set forth a thorough review of each of Appellant's claims in its Rule 1925(a) opinion, and it discussed why they are meritless. ***See id.*** at 5-19. Nevertheless, Appellant does not identify how the court erred, or why the record does not support the court's decision to deny his petition. Consequently, he has failed to demonstrate any basis for this Court to disturb the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18