J-S19004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORY WILLIAMS, | |
| Appellant | No. 1371 EDA 2015 |

Appeal from the PCRA Order Entered April 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0353912-1992

BEFORE: BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 23, 2016**

Appellant, Cory Williams, appeals *pro se* from the post-conviction court's April 16, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant alleges that he meets the 'after-discovered fact' exception to the PCRA's one-year time-bar. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). After careful review, we affirm.

In January of 1992, Brian Brown, Shawn Torres, and Appellant robbed a Philadelphia grocery store. During the robbery, the owner of the store was shot and killed. Appellant also shot at the victim's wife, but she was unharmed. Appellant and his cohorts left the store without any merchandise or money. Shortly after the robbery, Appellant was arrested and he confessed his participation in the robbery and murder.

On September 18, 1992, following a jury trial [alongside codefendants Torres and Brown], [Appellant] was convicted of second-degree murder, robbery, aggravated assault, and possession of an instrument of crime. On December 7, 1993, [Appellant] was sentenced to life imprisonment on the murder conviction and an aggregate term of four to eight years' incarceration on the remaining charges. On December 2, 1994, following a direct appeal, the Superior Court affirmed the judgment of sentence. [***Commonwealth v. Williams***, 655 A.2d 1050 (Pa. Super. 1994) (unpublished memorandum).] [Appellant] did not petition for allowance of appeal.

[Appellant's] first PCRA petition, filed on May 20, 1997, was dismissed as untimely on January 14, 1998. The lower court's dismissal was affirmed on appeal on February 22, 1999. [***Commonwealth v. Williams***, No. 684 Philadelphia 1998, unpublished memorandum (Pa. Super. filed Feb. 22, 1999).][1] On October 19, 2000, [Appellant] filed his second PCRA petition. [Appellant's] petition was dismissed, and following appeal, the dismissal was affirmed on October 10, 2002. [***Commonwealth v. Williams***, 815 A.2d 1133 (Pa. Super. 2002) (unpublished memorandum).]

[Appellant's] current petition, his third, was filed *pro se* on October 14, 2010. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition on August 30, 2011. The PCRA court thereafter dismissed [Appellant's] petition as untimely on February 24, 2012. On December 5, 2012, the Superior Court vacated the order dismissing his petition and remanded for reconsideration of the timeliness of the PCRA petition. [***Commonwealth v. Williams***, 64 A.3d 10 (Pa. Super. 2012) (unpublished memorandum).] After reevaluating [Appellant's] petition, the PCRA court served [Appellant] with notice of the court's intention to dismiss his PCRA petition on March 9, 2015. The PCRA court dismissed [Appellant's] petition as untimely on April 16, 2015. [Appellant] filed the instant notice of appeal to the Superior Court on May 11, 2015.

---

[1] We were unable to locate an Atlantic 2d citation for this decision.

PCRA Court Opinion (PCO), 5/27/15, at 1-2.

The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on May 27, 2015. Herein, Appellant presents three issues for our review:

> (I) Did the (PCRA) court err, and commit reversible error, when it failed to conduct an evidentiary hearing to establish the validity of the after[-]discovered statement, as well as the credibility of the witness making the statement?
>
> (II) Did the (PCRA) court err, and commit reversible error, when it dismissed [] Appellants [*sic*] petition as being untimely presented?
>
> (III) Did court[-]appointed counsel render ineffective assistance of counsel to his client, by failing to pursue and investigate the newly discovered evidence that was presented in [] Appellant's (PCRA) petition?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of

the date the judgment of sentence becomes final, unless one of the following

exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of

these exceptions "shall be filed within 60 days of the date the claim could

have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, this Court previously determined that Appellant's judgment of

sentence became final on January 1, 1995. *See Commonwealth v.*

*Williams*, No. 771 EDA 2012, unpublished memorandum at 1 n.1 (Pa.

Super. filed Dec. 5, 2012). Accordingly, his instant petition, filed on October

14, 2010, was patently untimely and, for this Court to have jurisdiction to

review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant argues that he meets the 'after-discovered fact' exception of section 9545(b)(1)(ii). In support, he claims that on August 24, 2010, his codefendant, Shawn Torres, drafted an affidavit stating that he "really saw [the victim's wife] do the shooting." **See** Appellant's Brief at 50 (unnumbered) ("Affidavit of [] Shawn Torres"). Torres gave the affidavit to Appellant's brother, who then gave it to Appellant. Appellant filed his PCRA petition, with Torres' affidavit attached, within the requisite 60 days of receiving it.

The PCRA court initially denied Appellant's petition on the basis that Torres' testimony would not have changed the outcome of Appellant's trial.[2] Appellant appealed, and this Court concluded that,

> the PCRA court conflated the merits of Appellant's after-discovered evidence claim with the requirements of the asserted time-bar exception. It is the substantive PCRA claim of after-

---

[2] The PCRA court reasoned:

> In previous statements, [Appellant] admitted to the police that he participated in the robbery, he had a gun when he was inside of the store, and he shot the gun while he was inside of the store. In light of these statements, even if the affidavit submitted was true, it would not change the outcome of [Appellant's] trial.

PCRA Court Memorandum and Order, 2/24/12, at 2-3 (unnumbered; citation to the record omitted).

discovered evidence which requires, in part, proof of "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and **would have changed the outcome of the trial** if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi) (emphasis added). There is no such requirement to establish the application of the time-bar exception.

**Williams**, No. 771 EDA 2012, unpublished memorandum at 2-3; **see also**

**Bennett**, 930 A.2d at 1271-1272 (explaining that section 9545(b)(1)(ii)

"merely requires that the 'facts' upon which such a claim is predicated must

not have been known to appellant, nor could they have been ascertained by

due diligence"). Based on this error by the PCRA court, we remanded

Appellant's case for the court to reevaluate whether Appellant's petition

satisfied the timeliness exception of section 9545(b)(1)(ii).

On remand, the PCRA court (now presided over by a different judge)

concluded that Appellant failed to establish the applicability of this timeliness

exception because he did not plead, let alone prove, that he acted with due

diligence in discovering the information provided by Torres. The court

reasoned:

> Although [Appellant] invoked the timeliness exception in 42 Pa.C.S. § 9545(b)[(1)](ii), [he] made no attempt to explain why the information purportedly contained in [] Torres' affidavit could not, with the exercise of due diligence, have been obtained earlier. [] Torres, who admitted to participating in the robbery with [Appellant], testified against [Appellant] at trial. Although presumably aware of the fictitiousness of [] Torres' trial testimony, [Appellant] failed to specify what reasonable measures, if any, were taken to discover proof of [] Torres' perjury. For example, in [**Commonwealth v.**] **Davis**, [86 A.3d 883 (Pa. Super. 2014),] the Superior Court found that the petitioner demonstrated due diligence by proffering affidavits from several friends and family members who claimed that they attempted, albeit unsuccessfully, to locate a witness after the

conclusion of trial in order to convince him to admit that he lied on the stand. *See … **Davis***, 86 A.3d [at] 891…. In contrast to the efforts highlighted in ***Davis***, [Appellant] has utterly failed to articulate any efforts comparable to attempting to interview or otherwise persuade [] Torres to divulge his fabrication from nearly eighteen years prior. Additionally, [Appellant] failed to explain[,] in the alternative[,] why such efforts would have been unsuccessful. [Appellant's] complete silence on the issue of due diligence was thus insufficient to satisfy his burden of proof under section 9545(b)(1)(ii).

PCO at 3-4.

Our review of the record confirms that Appellant failed to explain, in his petition, why he could not have obtained Torres' affidavit earlier by exercising due diligence. Appellant described his discovery of Torres' statement, as follows:

Through casual conversation, my brother ran into [] Torres and learned that he was a codefendant in my case. [] Torres told my brother that he has never revealed the facts in the attached affidavit to anyone, but that he had to get this burden off his chest. My brother secured the attached affidavit and sent it to me, and now I am submitting it to this Honorable Court as "newly discovered evidence."

Appellant's *Pro Se* PCRA Petition, 10/14/10, at 3.

Appellant's own statements in his petition indicate that Torres was willing to tell Appellant's brother, during 'casual conversation,' the information contained in the affidavit. Appellant did not describe any efforts he made, prior to Torres' conversation with Appellant's brother, to locate Torres or obtain the information he provided in his affidavit. He also does not state why he failed to make such efforts, or why they would have been

- 7 -

futile.[3]  Accordingly, the record supports the PCRA court's determination that Appellant failed to prove that the information provided by Torres could not have been ascertained earlier with due diligence.

We also point out that Appellant did not assert in his petition (or on appeal) that he did not previously *know* the pertinent fact stated in Torres' affidavit, *i.e.*, that the victim's wife shot the victim.  Because Appellant essentially concedes that he was at the scene of the robbery, we can presume that he, too, saw the victim's wife shoot the victim.  **See** Appellant's Brief at 32 (conceding that Torres' affidavit, "does not assert the innocence of [] [A]ppellant to a full degree," but it does show that Appellant's culpability "does not rise to the level … necessary to sustain the present conviction[s]").  Our Supreme Court has held that to prove the time-bar exception of section 9545(b)(1)(ii), "a petitioner must allege and prove previously unknown 'facts,' not merely a 'newly discovered or newly willing

_____

[3] Appellant suggests in his brief that he could not obtain Torres' statement earlier because Torres was incarcerated.  **See** Appellant's Brief at 20. Appellant also "speculates" that Torres would not have offered the information contained in the affidavit until after Torres was released from prison, for fear "of retribution of both police and court authorities…."  **Id.** at 27.  Even if we accepted Appellant's speculative argument, he does not state when Torres was released from prison to confirm that Appellant's brother obtained Torres' affidavit as soon as possible after Torres' release. Moreover, Appellant did not present these assertions in his PCRA petition and, thus, they are waived for our review.  **See** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Lambert**, 797 A.2d 232, 240-41 (Pa. 2001) (citing Rule 302(a) in concluding that claims not raised in the appellant's PCRA petition were waived for appellate review).

source for previously known facts.'" **Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013) (citations omitted). Arguably, then, Torres' affidavit simply constitutes a new source for the previously known fact of the victim's wife's involvement in the shooting.

For these reasons, we agree with the PCRA court that Appellant's petition is untimely and he failed to prove the applicability of the 'after-discovered fact' exception of section 9545(b)(1)(ii). Accordingly, the PCRA court did not err in denying Appellant's petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016

---

[4] On February 1, 2016, Appellant filed with this Court a *pro se* "Motion for Extraordinary Relief," asserting that the PCRA court "unlawfully dismissed" his petition without an evidentiary hearing, and asking that we remand for the court to conduct a hearing. Motion, 2/1/16, at 3 (unnumbered). Based on our conclusion that Appellant's petition is untimely and he fails to prove the applicability of any timeliness exception, we deny his motion. We also note that Appellant asks in his motion that we not consider the Commonwealth's untimely-filed, appellate brief. In reaching our decision herein, we have not relied upon the arguments presented by the Commonwealth; instead, our analysis focused on the PCRA court's decision, the certified record, and Appellant's brief.