J-S85024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALBERTO CASTILLO, JR. | |
| Appellant | No. 1170 EDA 2016 |

Appeal from the PCRA Order March 14, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000609-1984

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:               **FILED DECEMBER 19, 2016**

Appellant, Alberto Castillo, Jr., appeals from the March 14, 2016 order denying, as untimely, his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 29, 1985, a jury found Appellant guilty of first degree murder. Appellant was sentenced to life imprisonment on March 16, 1990.  On April 2, 1991, this Court affirmed his judgment of sentence, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Appellant filed three PCRA petitions, the first in 1991, the second in 1999, and the third in 2011.  All of Appellant's petitions and subsequent appeals were denied.

On February 22, 2016, Appellant *pro se* filed an untimely petition seeking PCRA relief. On February 23, 2016, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days. Appellant filed a timely response. On March 14, 2016, the PCRA court dismissed Appellant's petition.

Appellant timely appealed and simultaneously filed a statement pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a responsive opinion.

Herein, Appellant presents three issues for our review:

1. The factors that triggered [Appellant's] mandatory life sentence violates due process of law.

2. Trial court lacked statutory authorization to sentence the defendant to a mandatory life sentence, and the sentencing order was invalid.

3. **Montgomery v. Louisiana**[1] gave retroactive effect to substantial rules of constitutional law, [namely] **Alleyne v. United States**,[2] which held facts other than prior convictions that trigger the mandatory term has to be treated as if it were an "element" of an enhanced offense such that the defendant has the right for the enhancement factor to be included in the information, decided by a jury and proved beyond a reasonable doubt.

Appellant's Brief at 3 (unnecessary capitalization omitted and internal citations corrected).

---

[1] **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).
[2] **Alleyne v. United States**, 135 S. Ct. 1251 (2013).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

- 3 -

Appellant's petition is untimely.[3]  Nevertheless, Appellant asserts his claim is based upon a newly recognized constitutional right held to apply retroactively.  **See** Appellant's Brief at 7 (citing in support **Alleyne**, 133 S. Ct. at 2155 (concluding that "[a]ny fact that … increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt")).  Moreover, Appellant asserts, this new rule must be applied retroactively, thus entitling him to collateral relief.  **Id**. (citing in support **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016)).

Appellant's reliance upon **Montgomery** to establish the retroactive applicability of **Alleyne** is misplaced.  In **Montgomery**, the United States Supreme Court recognized that state collateral review courts must give retroactive effect to a new, *substantive* rule of constitutional law. **Montgomery**, 136 S. Ct. at 729.  However, the Pennsylvania Supreme Court has determined that the rule announced in **Alleyne** was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review.  **Commonwealth v.**

---

[3] Appellant's petition is patently untimely.  Appellant's judgment of sentence became final on May 2, 1991, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court.  **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's current petition, filed February 22, 2016, was filed almost twenty four years late.

**Washington**, 142 A.3d 810, 820 (Pa. 2016), **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same).

Finally, Appellant argues that his mandatory conviction violated due process of law and his sentencing order is invalid, specifically because it indicates "the sentencing judge 'did not use any' statute to impose the defendant's life sentence, therefor [sic] the judge did not possess the statutory authorization to impose such a sentence." Appellant's Brief at 8 (unnecessary capitalization omitted). Appellant avers that the judge "selected" the charges for sentencing purposes and that 18 Pa.C.S. § 2501, defining the offense of criminal homicide, does not impose a penalty or punishment and thus his sentence is illegal. **Id.** at 6-8**.** However, Appellant has not pleaded a timeliness exception that would allow him to raise this issue in an untimely petition.

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition. **See Ragan**, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016