J-S07030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN GIBSON | : | |
| | : | |
| Appellant | : | No. 1880 EDA 2017 |

Appeal from the PCRA Order May 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0310141-2004
CP-51-CR-0310151-2004
CP-51-CR-0310161-2004
CP-51-CR-0907971-2004

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.  **FILED AUGUST 02, 2018**

Over six years after his judgment of sentence became final, Kevin Gibson filed, *pro se*, a second PCRA petition. In it, he alleged the newly discovered facts exception.[1] Specifically, he alleged that on April 3, 2015, he

---

[1] He referred to it as the "newly discovered evidence" exception. The reference to "newly discovered evidence," also referred to as the "after discovered evidence" exception, however, is incorrect. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007) (explaining that the "shorthand reference" to 42 Pa.C.S.A. § 9545(b)(1)(ii) as the "after discovered evidence" exception "was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence[ ]'"). Here, the "newly discovered evidence" or "after discovered evidence" would become relevant after the petitioner established the timeliness exception, thus establishing jurisdiction for the PCRA court, allowing the court to reach the merits of the underlying claim. *See id*., at 1271-1272; 42 Pa.C.S.A. § 9543(a)(2)(vi).

"conducted a microscopic test on the search warrant used in this case, and discovered … that the police had altered the warrant."[2] In another filing, Gibson explained that the "microscopic test" "consisted of the use of a magnifying glass which revealed the alterations contained with the document…." The alleged alteration was the inclusion of an "unlawful phrase"—"and any other stolen property"—typed in where the warrant identified the items to be searched and seized. Ultimately, after providing the proper notice, the PCRA court dismissed the petition without a hearing. This timely appeal follows.

On appeal, Gibson argues the PCRA court erred in summarily dismissing his petition. "On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted).

To overcome the PCRA's time-bar, **see** 42 Pa.C.S.A. § 9545(b)(1), Gibson relies on 42 Pa.C.S.A. § 9545(b)(1)(ii). That subsection "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) 'the *facts* upon which the claim was predicated were *unknown*' and 2) 'could not have been ascertained by the exercise of *due diligence.*'" **Bennett**, 930 A.2d at 1272 (quoting § 9545(b)(1)(ii); emphasis in original). "If the petitioner alleges and proves these two components, then

_____

[2] Gibson conducted this "test" on a copy of the search warrant. **See** Appellant's Brief, at 11.

- 2 -

the PCRA court has jurisdiction over the claim under this subsection." ***Id***. (citation omitted).

Gibson cannot, at the very least, establish the exercise of due diligence. The search warrant featured prominently in the trial and post-trial proceedings. For instance, Gibson challenged the search warrant prior to trial through the filing of a suppression motion. And he later challenged the denial of that motion in his direct appeal. ***See***, ***e.g.***, ***Commonwealth v. Gibson***, No. 168 EDA 2008, at 2, 10-12 (Pa. Super., filed November 17, 2008) (unpublished memorandum). Certainly, the use of a magnifying glass to discover an alteration on the face of the search warrant was, as the PCRA court aptly observed, "available prior to and during trial, and he could have performed the testing at that time."[3]

The PCRA court committed no legal error in summarily dismissing Gibson's second petition.[4]

---

[3] For the first time on appeal, Gibson claims the trial court steadfastly refused to provide him access to the search warrant; it was not until April 3, 2015, he maintains, that he was able to secure a copy. ***See*** Appellant's Brief, at 11. That assertion is preposterous on its face given the pre-trial litigation over the search warrant.

[4] Gibson also argues the PCRA court erred in denying his ***Brady*** violation claim. Gibson alleged that claim in an amendment filed over a year after the filing of his second PCRA petition. ***See*** Amended Petition for Post-Conviction Relief Pursuant to the Post-Conviction Relief Act, filed 7/7/16. To have properly filed the amended petition Gibson had to seek permission from the PCRA court. ***See*** Pa.R.Crim.P. 905(A); ***Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012) (explaining Rule 905 amendments are not "self-authorizing *i.e.,* that a petitioner may simply 'amend' a pending petition with a

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/18

---

supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court[ ]").

 "[I]t was incumbent upon Appellant to identify where in the record the supplemental [PCRA] petitions were authorized and/or to reconstruct the record if such authorization was provided off the record." ***Commonwealth v. Reid***, 99 A.3d 470, 484 (Pa. 2014). Gibson has not done this. And a review of the certified docket entries and the certified record reveals that Gibson never requested permission to file his amended petition. Thus, the amended petition was an unauthorized filing, rendering the claims raised therein waved. ***See***, ***e.g.***, ***id***.