J-S58012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. DANIELS | : | |
| | : | |
| Appellant | : | No. 274 WDA 2019 |

Appeal from the PCRA Order Entered February 11, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002083-1997,
CP-02-CR-0002235-1996, CP-02-CR-0016251-1995

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 20, 2019**

William M. Daniels, *pro se*, claims that the PCRA court erred when it dismissed as untimely his fifth petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). Specifically, he alleges that his petition, although facially untimely, fits within the newly discovered facts exception to the PCRA time-bar. Upon review we conclude that the exception to the time-bar does not apply. Therefore, we affirm on the basis of the PCRA court's opinion.

In its opinion, the PCRA court sets forth the relevant facts and procedural history for this appeal. **See** PCRA Court Opinion, 6/25/19. Therefore, we need not restate them at length here.

Briefly summarized for the convenience of the reader, we note that Appellant was convicted of first degree murder in 1998 after he and two of his

associates ran up to the car that the victim was driving and shot the victim six times in the abdomen and four times in the arm. At trial, Appellant was identified as one of the three shooters by an eye-witnesses named Thomas Carr.

At the conclusion of trial, the jury convicted Appellant of first degree murder, conspiracy to commit murder, and carrying a firearm without a license. He was sentenced to an aggregate sentence of life without parole plus not less than thirteen and one half nor more than twenty-seven years of incarceration.

This Court affirmed Appellant's judgment of sentence in 2000. Appellant, *pro se*, filed the instant PCRA petition, his fifth, after his first four petitions were unsuccessful. In his petition, Appellant attempts to prove that, although facially untimely, the PCRA court should exercise jurisdiction over his petition because he has proven applicability of the newly discovered facts exception to the PCRA time-bar.

He offers as newly discovered, a statement from Robert Bledsoe, a fellow inmate, who was arrested for a murder that occurred a month prior to the murder that Appellant committed. In the letter, Bledsoe writes that Thomas Carr's testimony at Bledsoe's trial was struck because Carr had been hospitalized at the time of the shooting in Bledsoe's case and could not have witnessed it. Appellant claims this proves that Carr, having recently been hospitalized, must have been bedridden at the time of Appellant's shooting, and therefore could not have seen Appellant shoot his victim.

On February 11, 2019, after giving notice of its intent, the PCRA court dismissed the petition without a hearing as untimely. Appellant timely appealed.

Appellant presents three issues on appeal.

I.  Whether the PCRA court abused its discretion in dismissing Appellant's petition as untimely when Appellant received a statement from Robert Bledsoe of newly discovered exculpatory evidence[?]

    a.  [Whether] because there is an insufficient factual record upon which the PCRA court could determine whether [A]ppellant had prior knowledge of the averments contained in Robert Bledsoe's statement . . . the PCRA court erred in denying [A]ppellant[] a[n] evidentiary hearing[?]

    b.  [Whether the] Commonwealth "with-held" exculpatory "facts and evidence" on Commonwealth's witness Thomas Carr being "bed ridden" with a serious head injury around or on Appellant's homicide date, and the facts that Thomas Carr used Appellant's brother's name (Norman Daniels) at Divine Providence Hospital to allude capture for outstanding warrants for two counts of murder[?]

II.  [Whether] the PCRA court [erred] in finding that Commonwealth witness Thomas Carr did not give false perjured testimony at Appellant's homicide trial, when Thomas Carr on a[n] "unrelated" homicide case had his entire testimony stricken from the trial record for claiming he witnessed said homicide when in fact it was proven under oath that, he was "bed ridden" from a serious head injury; and for also stating under oath at Appellant's homicide trial and a[n] "unrelated" homicide trial of Robert Bledsoe, that he had "no plea deal" in place for his testimony[?]

III.  [Whether] the PCRA court abuse[d] its discretion by not appointing counsel and granting requested evidentiary hearing where Appellant has made a strong *prima facie*

showing of juror bias/misconduct claim challenging the fundamental fairness of his trial[?]

Appellant's Brief, at unnumbered pages 9-10 (capitalization provided and omitted; extraneous argument omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude that there is no merit to the issues Appellant has raised on appeal.

The PCRA court opinion properly disposes of the questions presented. *See* PCRA Ct. Op., at 3-7 (concluding: (1) Appellant failed to prove that newly discovered facts exception applied because (a) Bledsoe's statement that Carr did not observe Bledsoe's homicide in August 1994, does not prove that Carr did not observe Appellant's homicide in September 1994; (b) underlying fact that Carr allegedly was not present to witness Appellant's homicide was either known to Appellant or could have been ascertained by exercise of due diligence at or prior to trial; (2) allegation that Appellant knew jury foreman in high school was not unknown to Appellant at trial; and (3) Appellant failed to plead or prove any genuine issue of material fact, and PCRA court properly acted within its discretion by declining to grant evidentiary hearing).

We agree with the PCRA court's legal reasoning and adopt is as our own. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/20/2019</u>