J-S12012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                                   :           PENNSYLVANIA
                                                     :
            v.                                     :
                                                     :
                                                     :
ARNALDO TORRES SANTIAGO         :
                                                     :
           Appellant                       :      No. 516 EDA 2021

Appeal from the PCRA Order Entered February 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0802161-2006

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 25, 2022**

Appellant, Arnaldo Torres Santiago, appeals from the post-conviction court's February 24, 2021 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

> On April 23, 2006, Appellant fatally shot fifteen[-]year[-]old Omar Rodriguez…. On December 12, 2007, Appellant was convicted of first-degree murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possessing instruments of crime in a bench trial before the Honorable Renee Cardwell Hughes. That same day, Judge Hughes sentenced Appellant to life imprisonment for the murder conviction, plus a concurrent[,] aggregate term of five and a half to eleven years' imprisonment for the remaining offenses. The Pennsylvania Superior Court affirmed Appellant's judgment of sentence on August 28, 2009, and on March 22, 2010, the Pennsylvania Supreme Court denied allowance of appeal. [***Commonwealth v. Santiago***, 980 A.2d 659 (Pa. Super. 2009), *appeal denied*, 991

A.2d 312 (Pa. 2010).] Appellant filed a petition for writ of *certiorari* to the United States Supreme Court, which was denied on October 4, 2010. [***Santiago v. Pennsylvania***, 562 U.S. 866 (2010).]

On June 1, 2010, Appellant filed a *pro se* PCRA petition and a *pro se* amended PCRA petition on June 7, 2010. On February 27, 2012, Appellant filed a waiver of counsel. On October 29, 2012, Appellant filed another *pro se* amended PCRA petition. … Appellant's PCRA petition was dismissed on August 6, 2013. On August 21, 2013, Appellant filed a notice of appeal to the Pennsylvania Superior Court. On March 13, 2015, the Pennsylvania Superior Court affirmed [the order denying Appellant's petition. ***See Commonwealth v. Santiago***, 120 A.3d 1054 (Pa. Super. 2015) (unpublished memorandum).] Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court[,] which was denied on August 19, 2015. [***See Commonwealth v. Santiago***, 121 A.3d 496 (Pa. 2015).]

On May 4, 2018, Appellant filed a subsequent *pro se* PCRA petition. [On August 13, 2020, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as being untimely filed. On August 24, 2020, Appellant, who had retained counsel at that point, filed a petition requesting to file an amended petition. The court did not rule on that request. Instead, o]n February 24, 2021, Appellant's subsequent[,] *pro se* PCRA petition was dismissed as untimely. On March 5, 2021, Appellant filed a notice of appeal to the Pennsylvania Superior Court. On July 26, 2021, Appellant filed his [Pa.R.A.P. 1925(b) concise] statement of [errors] complained of on appeal.

PCRA Court Opinion (PCO), 9/21/21, at 1-2 (unnecessary capitalization omitted). The PCRA court filed its Rule 1925(a) opinion on September 21, 2021.

Herein, Appellant states one issue for our review: "Did the PCRA [c]ourt violate Appellant's Fifth, Sixth and Fourteenth Amendment rights when it found Appellant's claim, that Judge Renee Cardwell Hughes applied an

unconstitutional[,] elevated reasonable[-]doubt standard during the waiver trial, was untimely and/or lacked merit?" Appellant's Brief at 3.

Preliminarily, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final on October 4, 2010, when the United States Supreme Court denied his petition for writ of *certiorari*. Thus, his instant petition, filed on May 4, 2018, is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii). He explains that, "[y]ears after his conviction[, he] learned for the very first time from reading **Basil Brooks v. Robert Gilmore, et. al.**, [2017 WL 3475475] (E.D. Pa. Aug. 11, 2017)[,] that [his trial judge,] Judge Hughes[,] apparently misunderstood the reasonable doubt standard." Appellant's Brief at 8. In **Brooks**, the district court concluded that Judge Hughes's jury instruction for reasonable doubt, which utilized an "emotionally

---

[1] Section 9545(b)(2) previously stated that a petition must be filed within 60 days of the date the claim could have been presented. The provision was amended, effective December 24, 2018, to allow one year for the filing of the petition. The amendment applies to any claims arising on or after December 24, 2017.

charged" hypothetical, improperly elevated the level of doubt necessary to secure an acquittal. *Id.* at *5.

Here, the jury instruction found inadequate in *Brooks* was not given, as Appellant chose to proceed to a non-jury trial before Judge Hughes. Nevertheless, Appellant claims that the *Brooks* instruction demonstrates Judge Hughes's overall misunderstanding of the reasonable doubt standard, and is sufficient to prove that she used an elevated standard in assessing his guilt. He further contends that

> because [he] had a waiver trial, he had no way of knowing how the judge, in her own mind, was going to apply the law. In that she was a very experienced judge who handled likely thousands of jury and waiver trials over her long career, Appellant had no reason to even consider[,] before reading *Brooks*[,] that she misunderstood and/or misapplied the reasonable doubt standard in most if not all of her cases. He assumed, as his right, that the [j]udge had correctly applied the law to the facts of his case.

Appellant's Brief at 13. Thus, he insists that the *Brooks* case revealed to him a new fact that meets the timeliness exception of section 9545(b)(1)(ii).

Appellant's reliance on *Brooks* cannot satisfy the timeliness exception. In *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011), our Supreme Court held that "judicial determinations are not facts[,]" and, instead, "an in-court ruling or published opinion is law for it is simply the embodiment of abstract principles applied to actual events." *Id.* at 986-87. More recently, in *Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020), the Court declared that "a judicial opinion — even one which may establish a new theory or method of obtaining relief — does not amount to a new 'fact' under Section

- 5 -

9545(b)(1)(ii) of the PCRA." *Id.* at 1148 (citing *Watts*, 23 A.3d at 987) (some formatting altered).

Based on the Court's rationale in *Watts* and *Reid*, this Court has repeatedly rejected petitioners' attempts to rely on *Brooks* to meet the newly-discovered fact exception. *See, e.g.*, *Commonwealth v. Erwin*, No. 320 EDA 2020, unpublished memorandum at *5 (Pa. Super. filed Jan. 4, 2021) (concluding that, under *Watts* and *Reid*, "we cannot consider the *Brooks* decision, regardless of whether it established a new theory of relief, to be a new 'fact' for purposes of [s]ection 9545(b)(1)(ii)") (citations omitted)); *Commonwealth v. Cooper*, No. 889 EDA 2018, unpublished memorandum at *2 (Pa. Super. filed Nov. 13, 2018) (rejecting Cooper's argument "that the *Brooks* decision constitutes a newly-discovered fact that satisfies the timeliness exception under section 9545(b)(1)(ii)[,]" under the holding of *Watts* that "judicial determinations are not facts") (quoting *Watts*, 23 A.3d at 986); *Commonwealth v. Twitty*, No. 3282 EDA 2016, unpublished memorandum at *3 (Pa. Super. filed July 26, 2018) (same).[2]

Here, Appellant contends that he "is not arguing that the judicial ruling in *Brooks* is itself a 'new fact[.']  Rather, Appellant is arguing that when he read the *Brooks* case[,] he became aware for the very first time of the new fact that Judge Hughes had been applying the reasonable doubt standard

_____

[2] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.  Pa.R.A.P. 126(b).

incorrectly." Appellant's Brief at 8. Clearly, Appellant's insistence that Judge Hughes's reasonable doubt standard was *incorrect* is squarely premised on the holding of *Brooks*. Thus, based on *Watts*, *Reid*, and the decisions by this Court cited above, Appellant's reliance on *Brooks* cannot satisfy the newly-discovered-exception of section 9545(b)(1)(ii).[3]

Order affirmed.

---

[3] In any event, we also note that this Court is "not bound by the decisions of federal courts inferior to the U.S. Supreme Court." *In re Stevenson*, 40 A.3d 1212, 1216 (Pa. 2012). In *Commonwealth v. Martinez*, No. 1921 & 1922 EDA 2020, unpublished memorandum (Pa. Super. filed March 8, 2022), we observed that "this Court [has] previously addressed, and consistently rejected, the precise *Brooks*-based challenge to the reasonable doubt instruction at issue herein." *Id.* at *5 (collecting cases). For instance, in *Commonwealth v. Drummond*, 2187 EDA 2018, unpublished memorandum at *5 (Pa. Super. filed Feb. 16, 2021), our Court concluded that Judge Hughes's use of a hypothetical nearly identical to that assessed in *Brooks* did *not* improperly elevate the standard of proof when viewing the instruction as a whole. *See also Commonwealth v. Nam*, No. 3641 EDA 2018, unpublished memorandum at *3 (Pa. Super. filed Aug. 21, 2019) (unpublished memorandum) (concluding an almost identical set of instructions "when read in context of the entire instruction … states the law accurately"); *Commonwealth v. Vando*, 242 A.3d 457 (Pa. Super. 2020) (unpublished memorandum) (same). While our Supreme Court granted allowance of appeal in *Drummond* to analyze this issue, it has yet to issue its decision. *See Commonwealth v. Drummond*, 261 A.3d 1035 (Pa. filed August 25, 2021). Consequently, as the law currently stands, Appellant's underlying claim that Judge Hughes applied an elevated standard of proof would fail on the merits, even if he met a timeliness exception.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2022