J-S46003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                              :
:
:
ADAM J. BATH                    :
:
Appellant          :     No. 1090 EDA 2020

Appeal from the Order Entered March 6, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000485-2016

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 23, 2020**

Appellant, Adam J. Bath, appeals from the March 6, 2020 order dismissing his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of this appeal.  We need only note that on May 20, 2016, he pled guilty to possession of a controlled substance and was sentenced, on July 26, 2016, to a term of 18 to 36 months' incarceration.  Appellant did not file a timely appeal.  However, he subsequently filed a PCRA petition seeking restoration of his direct appeal rights, which the court granted.  Appellant then filed a *nunc pro tunc* appeal with our Court, but he discontinued that appeal on May 4, 2018.

On September 19, 2019, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and she filed an amended petition on Appellant's behalf.

Following a hearing, the court issued an order denying Appellant's petition on March 6, 2020. He then filed his present appeal.[1]

Herein, Appellant states five issues for our review:

1. Whether the trial court erred as a matter of law and abused its discretion in failing to find that counsel was ineffective in failing to advise [Appellant] that his sentence was illegal?

2. Whether the trial court erred as a matter of law and abused its discretion in failing to find that counsel was ineffective in failing to advise [Appellant] that his sentence violated the constitution?

3. Whether the trial court erred as a matter of law and abused its discretion in failing to find that there is newly[-]discovered evidence?

4. Whether the trial court erred as a matter of law and abused its discretion in failing to find that counsel was ineffective in failing to appeal the illegal sentence?

---

[1] Appellant did not file his notice of appeal until April 29, 2020. However, on March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency because of the coronavirus that causes COVID-19. *In re: General Statewide Judicial Emergency*, 228 A.3d 1281 (Pa. filed Mar. 16, 2020) (*per curiam*). In its subsequent orders, the Supreme Court expanded the scope and extended the length of the judicial emergency. Further, as is relevant to the case at bar, the Supreme Court generally suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." *See In re: General Statewide Judicial Emergency*, 228 A.3d 1283 (Pa. filed Mar. 18, 2020) (*per curiam*). As to the general suspension of time calculations and deadlines, on April 28, 2020, the Supreme Court ordered that "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. filed Apr. 28, 2020) (*per curiam*) (emphasis omitted). Therefore, we consider Appellant's appeal, which was due on April 6, 2020 and filed on April 29, 2020, as being timely filed.

5. Whether the trial court erred as a matter of law and abused its discretion in holding that it was without jurisdiction to afford relief?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 4, 2018, when he discontinued his direct appeal. Thus, Appellant had until May 4, 2019, to file a timely petition, making his petition filed on September 19, 2019, facially untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant wholly fails to meet this burden, as he makes no attempt to plead or prove the applicability of any timeliness exception. Instead, he simply claims that "[l]egality of a sentence is always subject to review within the PCRA[,]" and that such claims "may never be waived…." Appellant's Brief at 14 (citations omitted). However, our Supreme Court has held that, while claims challenging the legality of sentence are subject to review within the PCRA, they must first satisfy the PCRA's time limits. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Because Appellant has not averred that

any timeliness exception applies to his legality-of-sentencing claim, we lack jurisdiction to review it.[2]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>12/23/2020</u>

---

[2] In any event, the record also indicates that Appellant is not eligible for PCRA relief because he is not currently serving the ostensibly illegal sentence that he challenges in this case. ***See*** 42 Pa.C.S. § 9543(a)(1)(i) (requiring a petitioner to prove that he is "currently serving a sentence of imprisonment, probation or parole for the crime" at the time PCRA relief is granted). As the PCRA court observes, Appellant "was sentenced … on July 26, 2016, to a term of not less than 18 months, nor more than 36 months. Since the length of his sentence could not exceed 36 months, the sentence [this court] imposed on [Appellant] was completed on July 26, 2019." PCRA Court Opinion, 3/6/20, at 3-4. Therefore, even if Appellant's petition were timely, he would not be entitled to relief.