J-S25012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DEVON BELL :
:
Appellant : No. 2273 EDA 2020

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0702871-1999

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                     Filed: October 7, 2021

Appellant, Devon Bell, appeals *pro se* from the post-conviction court's
November 4, 2020 order denying, as untimely, his petition under the Post
Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review,
we affirm.

The facts of Appellant's underlying convictions are not pertinent to his
present appeal.  The PCRA court briefly summarized the relevant procedural
history of his case, as follows:

> On August 10, 2001, this [c]ourt convicted [Appellant] of first-
> degree murder, aggravated assault, conspiracy, and possessing
> [an] instrument[] of crime[].  [Appellant] was sentenced on
> December 10, 2001[,] to life imprisonment for the murder
> conviction and lesser sentences for the remaining crimes.  The
> Pennsylvania Superior Court affirmed the judgment of sentence[,]
> and in January 2005[,] the Pennsylvania Supreme Court denied

---

[*] Retired Senior Judge assigned to the Superior Court.

allowance of appeal. [**See Commonwealth v. Bell**, 863 A.2d 1218 (Pa. Super. 2004), *appeal denied*, 868 A.2d 450 (Pa. 2005).]

From 2005 to present, [Appellant] has filed several unsuccessful *pro se* PCRA [p]etitions. On April 4, 2019[, Appellant] filed the instant[,] *pro se* PCRA petition. [Appellant] also filed amended/supplemental petitions[,] which were reviewed jointly with his initial petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on September 21, 2020. [Appellant] submitted a response to the Rule 907 notice on October 8, 2020. On November 4, 2020, the PCRA court dismissed his petition as untimely. On November 16, 2020, the instant notice of appeal was timely filed….

PCRA Court Opinion (PCO), 4/29/21, at 1 (unnumbered).

The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. It filed a Rule 1925(a) opinion on April 29, 2021. In Appellant's *pro se* brief, he raises 27 issues for our review. **See** Appellant's Brief at 4-10. However, his three-page Argument is not divided into sections corresponding with those 27 claims; indeed, his Argument is not divided into any sections at all. **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). This briefing defect impedes our ability to meaningfully review Appellant's appeal and, thus, we could dismiss his appeal or deem his issues waived. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). However, because we are able to discern the basic arguments Appellant raises herein, we will overlook his briefing error.

- 2 -

We summarize Appellant's issues as follows:

(1) The evidence was insufficient to support Appellant's first-degree murder conviction and, thus, his sentence is illegal.

(2) Appellant's defense counsel acted ineffectively.

(3) Due to a language barrier, Appellant was deprived of a fair trial.

(4) Appellant has discovered new evidence proving that someone else committed the crime.

(5) Appellant's life sentence is illegal under **Miller v. Alabama**, 567 U.S. 460, 479 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"), and **Montgomery v. Louisiana**, 577 U.S. 190, 212 (2016) (holding that **Miller's** prohibition on mandatory life without parole for juvenile offenders constitutes a new substantive rule that applies retroactively to cases on collateral review).

Appellant's Brief at 14-16.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2005, making his present petition filed in 2019 patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant makes no attempt to explain how any of his first three claims meet a timeliness exception. Indeed, he presents only a single sentence for each of these three issues. *See* Appellant's Brief at 14 ("[T]he circumstances of the crime did not match with the charge of [f]irst[-d]egree

- 4 -

[m]urder or the sentence of [l]ife in [p]rison without the possibility of [p]arole."); *id.* at 15 ("Appellant also avers that numerous and blatant miscarriages of [j]ustice were carried out by defense trial [counsel]."); *id.* ("Due to a language barrier and an ignorance of the law, [A]ppellant contends that he was depraived [*sic*] of a fair and unbiased trial."). Moreover, it is obvious that Appellant could have raised any or all of these claims directly after his conviction in 2005. Thus, none of Appellant's first three issues satisfies a timeliness exception.

While Appellant's fourth claim that he has discovered new, exculpatory evidence seems to be an attempt to satisfy section 9545(b)(1)(ii), Appellant again offers only a single sentence in support of this issue, with no discussion of what evidence he has discovered, when he discovered it, or why he could not have learned about it earlier in the exercise of due diligence. *See id.* at 16 ("Appellant also contends that new[,] exculpatory evidence has been gathered that would show that another person committed the crime, ultimately exonerating [Appellant]."). Thus, Appellant has failed to prove the applicability of the new-fact timeliness exception.

In Appellant's fifth and final issue, he avers that his sentence is illegal under *Miller* and *Montgomery*. It is clear that *Miller* can be used to satisfy section 9545(b)(1)(iii), as it created a new constitutional right that was held to apply retroactively in *Montgomery*. However, *Montgomery* was decided in 2016, and Appellant did not file his petition until 2019. Therefore, he cannot meet section 9545(b)(2).

Moreover, the Commonwealth points out that Appellant was 28 years old when he committed the crimes in this case. **See** Commonwealth's Brief at 14. This Court has held that defendants who were 18 years or older at the time of their crimes cannot invoke **Miller** as the basis for an exception to the PCRA time-bar. **See Commonwealth v. Lee**, 206 A.3d 1, 7-11 (Pa. Super. 2019) (*en banc*) (holding that **Miller** applies only to those who were under the age of eighteen at the time [they] committed the offense and, thus, "age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar"). Accordingly, Appellant's **Miller** claim fails to meet the timeliness exception of section 9545(b)(1)(iii).[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/21

---

[1] To the extent that Appellant proffered different and/or additional claims in his *pro se* PCRA petition, which the PCRA court addressed in its opinion, he has abandoned those arguments by failing to raise them on appeal.