J-S04012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE PICKENS | : | |
| | : | |
| Appellant | : | No. 694 EDA 2021 |

Appeal from the PCRA Order Entered April 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002510-2016

BEFORE:   BENDER, P.J.E.,  MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED MARCH 1, 2022**

Appellant, Lawrence Pickens, appeals from the post-conviction court's April 1, 2021 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth a detailed summary of the facts of Appellant's case, which we need not reproduce herein.  *See* PCRA Court Opinion (PCO), 4/1/21, at 2-4 (citation omitted).  We only note that Appellant was convicted of first-degree murder, and related offenses, based on evidence that he shot and killed Moses McMillan during a street fight involving multiple individuals. Principal to the Commonwealth's case was a statement provided by the mother of Appellant's child, Ra'Shonda Mack.  Mack was present during the

---

[*] Former Justice specially assigned to the Superior Court.

fight, and she later told investigators that she saw Appellant there with a gun, and that he had confessed to her that he shot McMillan. *See* Appellant's Brief at 3.

Pertinent to the issues Appellant raises herein, Mack gave her statement implicating Appellant during an interview conducted by two detectives, including Philadelphia Police Detective James Pitts. Notably, Detective Pitts did not testify at Appellant's trial, and in Mack's testimony, she recanted the statement she had provided to the detectives. Specifically, Mack testified that "she never identified [Appellant] as [the] shooter, or described him as possessing a weapon, explaining that at the time of her interview, she was 17, under pressure, [and] had detectives all over [her]...." PCO at 8 (citing N.T. Trial, 4/25/17, at 124). Notwithstanding Mack's recantation, four other individuals present at the fight identified Appellant at trial as the shooter. Based on this evidence, the jury convicted him of first-degree murder, possessing an instrument of crime, and carrying a firearm without a license.

Appellant was sentenced on April 26, 2017, to an aggregate term of life imprisonment, without the possibility of parole. He appealed, and this Court affirmed his judgment of sentence on April 22, 2019. *See Commonwealth v. Pickens*, 216 A.3d 407 (Pa. Super. 2019) (unpublished memorandum). Appellant did not petition for allowance of appeal with our Supreme Court. Thus, his judgment of sentence became final on May 22, 2019.

On September 8, 2020, Appellant filed a *pro se* PCRA petition. He subsequently retained private counsel, who filed an amended petition on his

behalf. Therein, Appellant alleged that he had discovered new evidence that Detective Pitts had been found to have engaged in a pattern or practice of coercive interrogation tactics in other cases, namely ***Commonwealth v. Thorpe***, No. CP-51-CR-0011433-2008 (Phila. Cty. filed Nov. 3, 2017) (PCRA court's granting relief after finding that Detective Pitts had engaged in coercive conduct when interviewing witnesses in that case and other cases). Appellant further claimed that Detective Pitts' conduct in the ***Thorpe*** case supported the veracity of a statement that Appellant had obtained (via a private investigator) from Mack on October 26, 2020. Specifically, during a telephone call, Mack allegedly told Appellant's private investigator that Detective Pitts had been "disrespectful and threatened [her] several times" during her interview. Amended Petition, 2/4/21, at Exhibit B p. 3 (unnumbered). Mack elaborated that Detective Pitts had threatened that she would not graduate high school and that he would take her daughter away from her. ***Id.*** Mack stated that she was only 17 at the time of her interview, and that her parents were not present. ***Id.*** at Exhibit B pg. 4 (unnumbered). She claimed that, based on Detective Pitts' threats, she signed the statement implicating Appellant. Mack explained that the statement she signed was not true, and that she "testified to that during [Appellant's] trial." ***Id.*** Appellant's investigator stated that he had twice tried to contact Mack for the purpose of getting her to sign her October 26, 2020 statement, but he was unable to do so. ***Id.*** at Exhibit B pg. 2 (unnumbered).

On March 8, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, but on April 1, 2021, the court issued an order dismissing his petition. Appellant filed a timely notice of appeal. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it filed a Rule 1925(a) opinion on April 7, 2021. Herein, Appellant states two issues for our review:

> 1. Did the PCRA court abuse its discretion in dismissing Appellant's claim without an evidentiary hearing where he properly pled and proved he was entitled to relief based on newly and after-discovered evidence of Mack's statement?

> 2. Did the PCRA court abuse its discretion in dismissing Appellant's claim without an evidentiary hearing where he properly pled and proved he was entitled to relief based on newly and after discovered evidence of Detective Pitts['] habit, pattern, and practice of coercing false statements?

Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

- 4 -

judgment of sentence becomes final, unless one of the following exceptions

set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) required that

any petition attempting to invoke one of these exceptions "be filed within one

year of the date the claim could have been presented." 42 Pa.C.S. §

9545(b)(2).

Here, Appellant's judgment of sentence became final on May 22, 2019,

and thus, he had until May 22, 2020, to file a timely petition. Consequently,

his petition filed on September 8, 2020, is facially untimely and, for this Court

to have jurisdiction to review the merits thereof, Appellant must prove that

he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the after-discovered facts exception of section 9545(b)(1)(ii) based on Mack's October 26, 2020 statement to his investigator, and the ***Thorpe*** case outlining Detective Pitts' pattern of coercive interrogation tactics. In rejecting these claims, the PCRA court first explained why Appellant's discovery of Mack's October 26, 2020 statement does not meet the after-discovered facts exception:

> [Appellant] contends that Mack's proposed testimony meets the exception on the grounds that her recollection, that [Detective] Pitts' coerced her into providing a statement, was unknown to him prior to October 26, 2020, when she provided a statement to [Appellant's] private investigator…. This [c]ourt is unconvinced. As discussed in detail *infra*, Mack sought to convince the jury that her statement was a product of coercion at trial, describing how investigators were "all over [her]" during her interview. Without analyzing the merits of the instant claim, this statement constituted a sufficient allegation of coercion to alert [Appellant] to investigate further. While due diligence does not require that a petitioner actually uncover the evidence that he seeks, he must at a minimum attempt to secure the evidence once its existence becomes known to him. However, [Appellant] makes no averment detailing the actions he took to secure Mack's statement between her testimony on April 25, 2017[,] and when his investigator [spoke] with her on October 26, 2020. Without more, [Appellant] cannot demonstrate that he acted with due diligence in securing this newly[-]discovered fact. Accordingly, the instant petition is untimely with respect to this claim.

PCO at 6.

The PCRA court next rejected Appellant's attempt to rely on the ***Thorpe*** case to meet a timeliness exception. Specifically, the court stressed that Appellant never stated when he became aware of the ***Thorpe*** decision

- 6 -

detailing Detective Pitts' misconduct in that and other cases. Thus, the court found that Appellant had not demonstrated that he met the one-year requirement of section 9545(b)(2). **See** PCO at 6-7.

We discern no error or abuse of discretion in the PCRA court's decision. Regarding Mack's statement, her trial testimony should have prompted Appellant to further investigate whether her statement had been coerced. To the extent that Appellant now suggests he had no reason to further investigate whether Mack's statement was coerced until Detective Pitts' misconduct in other cases was revealed by the **Thorpe** decision, that case became public record on November 3, 2017. While we may not presume that public information can be discovered by an incarcerated, *pro se* prisoner, **see Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017), **Thorpe** was issued just seven months after Mack testified at Appellant's trial that detectives had been 'all over her' during her interview. At that time, Appellant was counseled, as his direct appeal was pending, and he remained represented until his direct appeal concluded on April 22, 2019. Appellant does not explain why he (or his counsel) could not have discovered **Thorpe**, and obtained Mack's statement detailing Detective Pitts' purported threats and coercive conduct during her interview, sooner than October 26, 2020. Consequently, we discern no error in the court's dismissing his untimely petition.

Nevertheless, we would also agree with the PCRA court's alternative conclusion that the 'new evidence' of Mack's statement and Detective Pitts' misconduct in other cases does not warrant a new trial. It is well-settled that,

> [t]o be granted a new trial based on the basis of after-discovered evidence:
>
> > [A] [d]efendant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa. Super. 2010) (some brackets and citations omitted).

Here, the PCRA court concluded that Appellant failed to prove these four factors. It explained:

> Mack's proposed testimony, even if believed, is unlikely to compel a different verdict. Four additional witnesses — Michael McMillian [*sic*], Yasmene Johnson, Roshaanda Tolbert, and Taleia Travers — each identified [Appellant] as the shooter…. Their testimony, even without Mack's identification, was sufficient to convict [Appellant]. In his [Rule] 907 Response, [Appellant] attempts to counter this rationale by arguing that each of the above witnesses were unreliable in their own right and could not sufficiently compel a guilty verdict. Specifically, [Appellant] alleges that McMillan misidentified the murder weapon as a .9mm pistol instead of a revolver and failed to describe [Appellant's] tattoos, Tolbert misidentified the murder weapon as black as opposed to silver…, and Travers had a prior *crimen falsi* arrest for theft and conspiracy[,] which potentially influenced her trial testimony. These inconsistencies were explored at trial, and did not prevent the jury from reaching a guilty verdict.
>
> Mack recanted her testimony at trial, and her instant allegations against Detective Pitts merely serve to bolster that recantation. On direct examination, Mack testified that she never identified

- 8 -

[Appellant] as [the] shooter, or described him as possessing a weapon, explaining that at the time of her interview she "was 17, under pressure, [and] had detectives all over me and they said that." N.T.[,] 4/25/2017[,] at 124. While her description of the detectives' behavior is not as detailed as the one provided to [Appellant's] investigator[], it was sufficient to explain her recantation, and permit the jury to doubt the veracity of her original identification.

Finally, since Mack recanted her testimony at trial, and described police officers as "all over her" at the time of her interview, her testimony should have sufficiently alerted [Appellant] that she sought to justify her recantation based on an allegation of misconduct. Had [Appellant] acted diligently in interviewing Mack after this revelation, he would have secured her statement well before October 26, 2020. For those reasons, [Appellant] fails demonstrate that he is entitled to relief based on after[-]discovered evidence, and his claim fails.

PCO at 8-9 (footnote omitted).

The PCRA court also concluded that Appellant was not entitled to a new trial to present evidence about Detective Pitts' misconduct in other cases, as it "would only be presented to impeach the credibility of Mack's statement to police." *Id.* at 9. As the court observes, Mack's recantation testimony at trial

gave the jury ample reason to reject [her] statement and her recollection of [Appellant's] confession and his possession of the firearm. Nonetheless, the jury elected to convict [Appellant] after considering all of the evidence presented before it, including evidence from four additional witnesses that identified [Appellant] as the shooter. [Appellant] fails to present a sufficient argument demonstrating that, even if [new evidence] could establish [Detective] Pitts' pattern and practice [of] obtaining false statements through coercion, that the outcome of [a new] trial would be any different.

*Id.* at 9-10.

For the reasons stated by the PCRA court, we would agree that Appellant has not demonstrated he is entitled to the relief of a new trial, even if his

petition had met a timeliness exception. Accordingly, we affirm the court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2022